## WILLIAM KERR *vs.* CHANDLER SEAVER.

The *St.* of 1864, c. 299, authorizing any person to kill an unlicensed dog wherever found, does not authorize the entry into the dwelling-house of another without his express or implied consent, for the purpose of catching and killing such dog, which has taken refuge there.

TORT for forcibly entering the plaintiff's close in Needham, and carrying away a dog, the property of the plaintiff.

The defendant justified his acts ; and, at the trial in the superior court, before *Russell*, J. without a jury, it appeared that in July 1864 a dog entered upon the defendant's premises and killed several of his chickens, and he pursued the dog, which ran upon the plaintiff's premises and into the plaintiff's house. The defendant went towards the door, where the plaintiff's wife was standing, and stated that the dog had killed his chickens, and demanded him for the purpose of killing him, but she refused to give up the dog, saying " the dog is not mine." The defendant entered the doorway and took away the dog and killed him, doing no unnecessary damage to the plaintiff's

premises. The plaintiff was the keeper of the dog, and had failed to take out a license for him or have a collar placed upon him.

The judge found as a fact that the defendant entered the plaintiff's premises without leave, for the purpose of seizing and killing the dog, and found for the plaintiff, assessing damages in the sum of one cent. The defendant alleged exceptions.

*C. W. Tuttle*, for the defendant.

*J. Rutter*, for the plaintiff.

GRAY, J. The only justification alleged by the defendant for entering the plaintiff's dwelling-house and killing his dog, is, that the dog was not licensed and collared as required by the *St.* of 1864, *c.* 299, and that by the seventh section of this statute, "any person may, and every police officer and constable shall, kill or cause to be killed all such dogs whenever and wherever found." But this statute cannot reasonably be construed as giving to every citizen a license to hunt or pursue these animals into a neighbor's dwelling-house, to the disturbance of his family and the great risk of a breach of the peace. The defendant, in entering the plaintiff's house to seize the dog after the plaintiff's wife had refused to give it up, was a trespasser, and has no ground of exception to the judgment against him for nominal damages. Whether he might have been held liable for the value of the dog also is not before us on these exceptions. See *Bishop* v. *Fahay*, 15 Gray.

*Exceptions overruled.*